902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carmen CARSON, Defendant-Appellant.
 No. 89-1984.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and WILLIAM K. THOMAS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Carmen Carson appeals her conviction pursuant to a jury verdict for one count of theft of mail by a postal employee in violation of 18 U.S.C. Sec. 1709[1] on the ground that the district court failed to instruct the jury on a lesser included offense.
 
 
 2
 When Gratiot Station Post Office in Detroit suffered significant mail losses in the spring of 1986, an investigation revealed that most of the losses occurred from mail that should have been delivered to a high rise for senior citizens which was on appellant's mail delivery route. Postal inspectors placed marked currency in two different letters addressed to the high rise apartment. Appellant was observed taking possession of the letters for delivery. The letters never arrived at their destination. Postal inspectors confronted the appellant who voluntarily submitted to a search of her person and locker which disclosed the marked bills.
 
 
 3
 The district court refused appellant's request to instruct the jury on the lesser included offense of misappropriation of postal funds, 18 U.S.C. Sec. 1711.[2] The jury found appellant guilty of the charged 18 U.S.C. Sec. 1709 offense and the district court imposed a three year suspended sentence, and three years probation along with a $150 fine.
 
 
 4
 Upon review of appellant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court concludes that 18 U.S.C. Sec. 1711 is not a lesser included offense of 18 U.S.C. Sec. 1709 for the reasons enunciated in Schmuck v. United States, 109 S.Ct. 1443 (1989). Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Title 18 U.S.C. Sec. 1709 reads as follows:
 Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.
 
 
 [2]
 Title U.S.C. Sec. 1711 reads as follows:
 Whoever, being a Postal Service officer or employee, loans, uses, pledges, hypothetcates, or converts to his own use, or deposits in any bank, or exchanges for other funds or property, except as authorized by law, any money or property coming into his hands or under his control in any manner, in the execution or under color of his office, employment, or service, whether or not the same shall be the money or property of the United States; or fails or refused to remit to or deposit in the Treasury of the United States or in a designated depository, or to account for or turn over to the proper officer or agent, any such money or property, when required to do so by law or the regulations of the Postal Service, or upon demand or order of the Postal Service, either directly or through a duly authorized officer or agent, is guilty of embezzlement; and every such person, as well as every other person advising or knowingly participating therein, shall be fined in a sum equal to the amount or value of the money or property embezzled or imprisoned not more than ten years, or both; but if the amount or value thereof does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.